UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

IN RE: DESHOTELS

Debtor.

DONALD BARTON DESHOTELS JR.,
Debtor-Appellant,

v.

MICHAEL KOCH,
Creditor-Appellee.

Case No.: 26cv4226-LL-GC

**ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS**

**[ECF No. 2]**

Before the Court is Debtor-Appellant Donald Barton Deshotels Jr.'s motion for leave to proceed in forma pauperis ("IFP"). ECF No. 2. On July 23, 2026, Appellant, proceeding pro se, initiated his bankruptcy appeal [ECF No. 1] and filed the instant motion.

A plaintiff may commence an action without paying the filing fees where he submits an affidavit stating that he lacks sufficient funds. 28 U.S.C. § 1915(a). "An affidavit in support of an IFP application is sufficient where it alleges that an affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1126, 1234 (9th Cir. 2015) (internal citation omitted). Nevertheless, a plaintiff seeking IFP status

must allege poverty "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981). While the IFP statute does not itself define what constitute insufficient assets, "[o]ne need not be absolutely destitute" to proceed IFP. *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960).

The Southern District of California's Local Civil Rule 3.2 requires the affidavit to contain:

1. A statement as to current employment including the amount of wages or salary per month and the name and address of the current employer.

2. A statement, if not currently employed, as to the date of last employment and the amount of wages or salary per month which was received.

3. A statement as to any money received within the past twelve months from any of the following sources[1]:
    a. Business, profession, or self-employment;
    b. Rent payments, interest, or dividends;
    c. Pensions, annuities, or life insurance payments;
    d. Gifts or inheritances;
    e. Any other source.

4. A statement as to any cash in possession and as to any money in a financial institution, including checking, savings, and any other accounts. The statement must include any money available to the declarant.

5. A statement as to any real estate, stocks, bonds, notes, automobiles, investments, or other valuable property (excluding ordinary household furnishings and clothing). The statement must describe the property and state its approximate value.

6. A statement as to all persons who depend upon the declarant for support. The statement must include the relationship of the dependents and the amount contributed toward their support.

[1] The statement must include a description of each source of money and the amount of money received from each source during the past twelve months.

7. A statement that, because of poverty, there is an inability to pay the initial costs of the proceeding or give security therefore, and the declarant's belief that the declarant is entitled to relief.

The rule further states that the declaration must be executed under penalty of perjury. *See* CivLR 3.2(a).

Here, Appellant states that his "primary income consists of Social Security benefits." ECF No. 2 at 1. However, he has not provided any information regarding any assets, additional income, and expenses as required by Local Civil Rule 3.2. Accordingly, the Court **DENIES** Appellant's motion to proceed IFP.

If Appellant still wishes to proceed IFP, he is instructed to file a new IFP motion along with a completed AO 239 form, which the Court uses to assess whether a party is eligible to proceed IFP. Attached hereto is a copy of Form AO 239 ("Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)"). **Within twenty-one (21) days of the date of this Order**, Appellant must either (1) file a renewed IFP motion along with a completed AO 239 form or (2) pay the civil filing fee. *Should Appellant fail to timely pay the filing fee or move to proceed IFP, the Court will dismiss this action without prejudice.*

**IT IS SO ORDERED.**

Dated: August 27, 2025

Honorable Linda Lopez
United States District Judge